## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JUAN JOSE GONZALEZ, et al. | ) |
| | ) |
| Defendants. | ) |

No. 4:19-CR-211 RLW

### MEMORANDUM AND ORDER

This case is before the Court on Objections filed by several Defendants pursuant to Rule 59(a), Federal Rules of Criminal Procedure, to a Memorandum and Order issued by United States Magistrate Judge Nannette A. Baker on June 10, 2020 (the "Order"). (ECF No. 406.)

The Order issued non-dispositive rulings on pretrial motions to compel disclosure seeking the identities of cooperating witnesses filed by Defendants Michael Johnson, Christopher Warlick, Charles Guice, Jerome Fisher, and Delvin Bost. Judge Baker denied each Defendant's motion to compel "to the extent that it seeks early *Jencks* disclosures" and granted each "to the extent the Defendant requests the Government to disclose Brady and Giglio evidence and evidence that conforms to the scope of Rule 16." (ECF No. 406 at 8-9.) Judge Baker denied as moot Defendant Fisher's request for information regarding the circumstances of the discovery and recovery of his cell phones and the results of any search of those phone, and also denied as moot his request for information regarding any search of his home on the basis that the Government agreed to provide such information. (Id.) Defendants Johnson, Guice, Fisher, and Bost filed Objections to the Order. (ECF Nos. 426, 410, 422, 435.)

Pursuant to Rule 59(a), the Court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."

## Background

The Court adopts the Magistrate Judge's description of the background of this matter:

> Defendants Warlick, Fisher, Guice, Bost and Johnson are among
> 14 defendants charged in a 19 count superseding indictment. All
> of the defendants are charged in Count One with conspiracy to
> distribute and possess with intent to distribute 400 grams or more
> of fentanyl in violation of Title 21 United States Code Section
> 841(a)(1).
>
> Warlick, Fisher and Guice are also charged in Count Three with
> possession of a firearm in furtherance of a drug trafficking crime
> resulting in death. The Grand Jury alleges that the three, along
> with Maurice Lee, aided and abetted each other and acting together
> with others knowingly possessed one or more firearms in
> furtherance of the drug trafficking crime of conspiracy to distribute
> fentanyl in violation of 18 U.S.C. Sections 2, 924(c)(1)(A) and
> 924(j). In the course of this violation, they are alleged to have
> killed Alexander Noodel by shooting him.
>
> . . . .
>
> Bost and Johnson are charged in Count Four of the superseding
> indictment with possession of a firearm in furtherance of a drug
> trafficking crime resulting in death. The Grand Jury charges that
> on July 3, 2017, Bost and Johnson, along with Maurice Lee aided
> and abetted each other and acting together and with others
> knowingly possessed one or more firearms in furtherance of the
> drug trafficking crime of conspiracy to distribute a controlled
> substance including fentanyl in violation of 18 U.S.C. Sections 2,
> 924(c)(1)(A) and 924(j). In the course of this violation, they are
> alleged to have killed Kevin Davis by shooting him with one or
> more firearms.

(ECF No. 406 at 2-3.)

## The Defendants' Objections to the Order

A. Defendant Guice's Objections (ECF No. 410)

Defendant Guice objects to the Order on three grounds: (1) the Magistrate Judge's

conclusion that the Jencks Act, 18 U.S.C. § 3500, controls the Government's obligation to

disclose the identity of its cooperating witnesses is contrary to the plain text of the statute and

Eighth Circuit law; (2) the Order erred in concluding that the allegations in the Superseding

Indictment, standing alone, preclude Guice from receiving information that is material to his defense; and (3) the Order failed to provide Guice with the relief requested by not imposing a deadline by which the Government must disclose information he is constitutionally entitled to under Brady and Giglio. Guice asserts that the Government's case against him is wholly dependent on the testimony, and therefore the credibility, of cooperating witnesses. Guice contends that to ensure a fair trial he must have the opportunity to independently investigate the Government's only source of evidence "well in advance of trial" as opposed to the three days offered by the Government.

    B. Defendant Fisher's Objections (ECF No. 422)

Defendant Fisher asserts that the Magistrate Judge erred by failing to define the Brady obligations of the Government, based on the Government's assurance that it has complied with and continues to comply with its Brady obligations. Fisher seeks the names of any cooperating witnesses who have given statements concerning him, and any information in such statements as to particular times that he was alleged to be in a particular place or taking a particular action. Fisher asserts that because of the scope of the case, involving a two and a half year time period, any meaningful disclosure of Brady material must occur now, or at minimum within a reasonable time frame well in advance of any plea or trial.

Fisher also asserts that the Magistrate Judge erred in finding his requests for discovery moot as to searches of his home based on the Government's agreement to provide the information, as the Government has provided information only concerning one search but counsel is aware that at least two other searches occurred, and asserts there should be an order requiring disclosure. Finally, Fisher states the Magistrate Judge did not address his request for all of the discovery provided to other codefendants in the case. In the alternative, Fisher asks the

Court to conduct an *in camera* review of the Government's evidence to make an independent assessment of the Brady obligations and thereafter impose a timeline for disclosure.

C.   Defendant Johnson's Objections (ECF No. 426)

Defendant Johnson adopts Defendant Guice's Objections and asserts that (1) the Order's conclusion the Jencks Act controls the Govt's obligation to disclose the identity of its cooperating witnesses is contrary to Act's plain text and 8th Circuit law; (2) the Order erred in concluding the allegations of violence in the indictment, standing alone, preclude Johnson from receiving information material to his defense. Johnson states there is a Protective Order in place (ECF No. 191) and the Government should offer some individualized risk as to why disclosing the identity of its cooperating witnesses Guice poses a safety risk. Johnson argues the Government's case against him case is wholly dependent on the testimony–and thus the credibility—of its cooperating witnesses, so to ensure a fair trial, he must be able to independently investigate the Government's only source of evidence; and (3) the Order failed to provide the relief requested by his motion to compel disclosure because it does not impose a deadline for the Government to disclose information under Brady and Giglio.

D.   Defendant Bost's Objections (ECF No. 435)

Defendant Bost asserts that the Order denies him his right to counsel, his right to a fair trial, and his right to due process under the Sixth and Fourteenth Amendments of the U.S. Constitution. Bost states he has received no discovery that mentions him in relation to either the murder charged in Count IV or the general drug conspiracy charge in Count I, and had one meeting with the Government where agents orally advised what they expected the evidence against him to be but provided no details, including the names of witnesses. Bost asserts that as a result, he is unable to prepare for trial as he does not have sufficient information about the evidence against him to conduct necessary investigation or preparation. Further, Bost asserts

4

that because the Government has stated it will call witnesses at trial to testify they were present for conversations including him that related to the murder, a constitutionally acceptable defense will require a cross-examination and presentation of evidence that would be developed by investigation. Bost argues the Government's reliance on the Jencks Act to deny release of this discovery until the Friday before trial "does not contemplate the unique situation" he is in, and the practical effect of the Order is that all discovery and evidence related to his alleged involvement in the murder will not be available until two days before the trial begins, which will be insufficient for investigation and preparation. (ECF No. 435 at 2.) Bost also states the Order relies on the Government's assertion that the witnesses' safety is the primary reason for the last-minute disclosure of the evidence, but there has been no significant showing other than the allegation that disclosure would lead to safety concerns.

**Discussion**

A. Disclosure of Government Witness Statements

"The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." United States v. Stroud, 673 F.3d 854, 863 (8th Cir. 2012) (quotation omitted) (citing 18 U.S.C. § 3500(b)). The Government is not required to disclose the statements of its witnesses prior to their testimony on direct examination at trial of the case. 18 U.S.C. § 3500(a); see Fed. R. Crim. P. 26.2(a) (prior statements of witnesses who testified must be disclosed, on motion, after their direct examination).[1] The Court is without authority to order disclosure of Jencks Act materials earlier than provided for in the Act, 18 U.S.C. § 3500; United States v. White, 750 F.2d 726, 729 (8th Cir. 1984), even though in many cases the Government freely

---

[1]Similarly, Rule 16(a)(2), Fed. R. Crim. P., does not authorize the "discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500;" United States v. Pelton, 578 F.2d 701, 707-08 (8th Cir. 1978) ("Discovery of prospective witnesses is not required under Fed. R. Crim. P. 16(a)") (citing cases).

5

discloses Jencks Act material to the defense in advance of trial. Therefore, to the extent Defendants seek to discover statements of cooperating witnesses prior to trial, their objections to the Magistrate Judge's Order will be denied.

## B. Disclosure of Cooperating Witnesses' Identities

With respect to disclosure of the identities of cooperating witnesses, the Government has a general, but not absolute, "privilege to withhold the disclosure of the identity of a confidential informant." Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001) (citing Roviaro v. United States, 353 U.S. 53 (1957)). "Criminal defendants . . . have no right in noncapital cases to disclosure of the names of government witnesses under Rule 16(a)." United States v. Porter, 850 F.2d 464, 465 (8th Cir. 1988). The public interest in preserving an informant's anonymity and encouraging citizens to report crimes is very strong. Roviaro, 353 U.S. at 59-62; see also United States v. Curtis, 965 F.2d 610, 613-14 (8th Cir. 1992). A district court may, however, "exercise its discretion to require such disclosure 'in a proper case.'" United States v. DeCoteau, 186 F.3d 1008, 1010 n.2 (8th Cir.1999) (quoting United States v. Cole, 449 F.2d 194, 198 (8th Cir. 1971)).[2]

An accused who seeks disclosure of a confidential informant must show that disclosure is required based on the balancing test established by the Supreme Court in Roviaro, 353 U.S. at 62. To determine if disclosure should be ordered, a court must weigh "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an

---

[2]The Court finds the Defendants' objections that the Order concludes the Jencks Act controls the Government's obligation to disclose the identity of its cooperating witnesses (ECF No. 406 at 6), merely point out an instance of imprecise drafting. The Court does not read the Magistrate Judge's Order to rule that 18 U.S.C. § 3500 governs the disclosure of Government witnesses' identities. The Order recognizes that the Government's privilege to withhold the identity of its witnesses is not absolute, and that the Court has the discretion to order disclosure. (Id. at 4-5.) The Order discusses Roviaro's balancing test and relevant 8th Circuit precedent on Government disclosure of the identity of cooperating witnesses. (Id. at 5-6.)

accused, or is essential to a fair determination of a cause," id. at 60-61; or is "material and

helpful, the public interest in protecting the flow of information is overcome." United States v.

Parker, 836 F.2d 1080, 1083 (8th Cir. 1987). "The decision to order disclosure depends on the

particular circumstances of each case." United States v. Feldewerth, 982 F.2d 322, 324 (8th Cir.

1993) (citing Roviaro, 353 U.S. at 62).[3]

"Where the witness is an active participant or witness to the offense charged, disclosure

will almost always be material to the accused's defense." Devose v. Norris, 53 F.3d 201, 206

(8th Cir. 1995) (citation and footnote omitted); see also United States v. Foster, 815 F.2d 1200,

1203 (8th Cir. 1987) (citation omitted) ("The disclosure of an informant who was an active

participant in the crime the accused is charged with is generally required."). In contrast, "cases

---

[3]The Government asserts that the Jencks Act bars discovery of a government witness's identity in the same manner as statements. The statute's plain language addresses only statements or reports of government witnesses and not their identities. See 18 U.S.C. § 3500. The Government asserts that Eighth Circuit decisions in United States v. Wilson, 102 F.3d 968, 971-72 (8th Cir. 1996), and United States v. Green, 151 F.3d 1111, 1115 (8th Cir. 1998), "stand in direct opposition to the idea that statements of witnesses are different than names." (ECF No. 425 at 11.) The Government's cited cases do not support its assertion, however. Further, the assertion ignores the Supreme Court's holding in Roviaro and its progeny, including Devose, 53 F.3d at 206.

In Wilson, the defendant requested the district court to order the government to "disclose the *identity of the government's witness* (Hulett) and impeachment material. A magistrate judge denied the motion, noting that the case was an 'open file' case, and in the omnibus order the government had agreed to disclose *Hulett's identity* and Jencks material ten days before trial." Wilson, 102 F.3d at 971 (emphases added). "Before the jury was called in, Wilson complained to the court that the government had violated the omnibus order by either disclosing the requested transcripts late or not at all." Id. (emphasis added). On appeal, Wilson argued the government's alleged delayed production, or non-production, of transcripts of Hulett's testimony in other criminal cases violated the omnibus trial order, Brady, the Jencks Act, and the Fifth and Sixth Amendments. Id. Disclosure of the informant's identity was not at issue on appeal, and nothing in Wilson indicates the Eighth Circuit treated the informant's identity as Jencks material or held its disclosure was governed by the Jencks Act.

In Green, the defendant knew the government witness's name, Hobson, and her involvement in the relevant conduct so disclosure of her identity was not at issue. 151 F.3d at 1113. Rather, the defendant claimed "the government violated the Jencks Act . . . by failing to provide him with a transcript of Hobson's grand jury testimony prior to her direct testimony at trial." Id. at 1114. The Eighth Circuit held, "The Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony." Id. at 1115. The Eighth Circuit did not hold or state that the government witness's identity was Jencks material or that its disclosure was governed by the Jencks Act.

involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." United States v. Harrington, 951 F.2d 876, 878 (8th Cir. 1991) (cited case omitted).

The Magistrate Judge's Order states:

> [T]he Government concedes that the cooperating witnesses would be relevant and material to the defendants. However, they argue that the defendants are dangerous and to disclose the identities of the Government's witnesses would pose a safety risk. The Government states it will provide *Jencks* material to the defendants on the Friday before trial. Given the allegations of violence in this matter, the Court concludes the government will not be required to identify any cooperating co-defendants until that time. Therefore, to the extent that Defendants' motions seek early disclosure of *Jencks* material, the motions are denied.

(ECF No. 406 at 6.) The Order does not contain any factual findings concerning safety risks to the cooperating witnesses, apart from summarizing the allegations in the Superseding Indictment.

Because it is uncontroverted the cooperating witnesses are relevant and material to the Defendants, their identities ought to be disclosed to the defense. Devose, 53 F.3d at 206; Foster, 815 F.2d at 1203. The issue is when they should be disclosed. As the Government states, this case is not set for trial and may not be for a long time, as a result of general complexity of the case, the number of Defendants, and delay attributable to the ongoing COVID-19 pandemic. Because of the nature and status of this case, the Government does not know its complete list of witnesses at present. It is not yet known which defendants will elect to stand trial and thus it is not known which witnesses and evidence will be necessary.

The premature, wholesale disclosure of witness statements, even those containing exculpatory or impeachment information, would undermine an important function of the Jencks Act: to protect Government witnesses from influence, threats, harassment, and physical harm.

8

See, e.g., United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988); United States v. Roberts, 811 F.2d 257, 259 (4th Cir. 1987). The Defendants here are alleged to be members of an extensive drug trafficking organization, who possessed firearms in connection with drug trafficking that resulted in two murders.[4] The Government states that while Defendant Guice was on bond, he traveled outside this District in violation of his release conditions and there was involved in a shooting; and was involved in another shooting in late June 2020 in which investigaors believe Guices was the intended target. (ECF No. 416 at 3.) The Government states that investigators posit Guice was assumed to be cooperating, because he was one of the only Defendants on release even though he is charged with murder. (Id.) The Government states that after his arrest, Defendant Fisher admitted his involvement in a highway shooting that resulted in the death of an innocent victim. (ECF No. 425 at 1.) In addition, the Government states that a record was made in this case of threats against one of the Defendants suspected of cooperating with the Government. Specifically, police reports of that Defendant's post-arrest interview were posted on Facebook along with allegations he was a "snitch" and should be harmed. (ECF No. 425 at 12; ECF No. 437 at 11.) Courts will not order disclosure where such disclosure will place the witness in personal danger and the prospective testimony is not exculpatory. See Pelton, 578 F.2d at 707-08. The Court finds that identification of Government cooperating witnesses is likely to significantly increase the danger to them.

The Defendants' constitutional entitlement to Government information comes into play when the information is important to either impeachment of Government evidence or to proving a Defendant's defense. Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); see also Strickler v. Greene, 527 U.S. 263, 281-82 (1999); Kyles v. Whitley, 514 U.S. 419, 433-34 (1995). The Government has stated in the briefs that it is not aware of any

---

[4]Count III of the Superseding Indictment charges Defendants Fisher and Guice with the murder of Alexander Noodel; Count IV charges Defendants Bost and Johnson with the murder of Kevin Davis.

cooperating witness's information that is helpful to impeaching Government evidence or to establishing a defense. This is not a matter for the Government to decide, however, given that it agrees the cooperating witnesses are material. See Roviaro, 353 U.S. at 629 ("The desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide.").

The Court is cognizant of the significant amount of information relevant to this case and the need of both the numerous Defendants and the Government to prepare. Based on the record before it, the Court finds that disclosure of cooperating witnesses' identities and Brady and Giglio materials three days prior to trial would be insufficient to protect the constitutional rights of the Defendants. Further, such a procedure is likely to engender significant delays to allow defense counsel sufficient opportunity to effectively utilize the materials. This would not be the most efficient use of the Court's time, the jury's time, or in furtherance of judicial economy, particularly if the case will be tried under procedures and restrictions the Court has established to protect the health and safety of all participants during the COVID-19 pandemic.

Given the allegations of violence by Defendants and threats in this matter as described above, the Government will not be required to identify any informant or cooperating co-defendant until fourteen days before trial. This will give Defendants adequate opportunity to prepare, while considering the safety of the informants. See United States v. Rodrequez, 859 F.2d 1321, 1326 (8th Cir. 1988) ("We have held that any issue concerning the disclosure of an informant's identity before trial is eliminated when the person testifies at trial.") (citing United States v. Foster, 815 F.2d 1200, 1202-03 (8th Cir. 1987)); see also United States v. Abari, 2020 WL 1983732, at *4 (D. Minn. Apr. 27, 2020) (requiring Government to identify any informant or cooperating co-defendant fourteen days before trial, to give defendants adequate opportunity to prepare, while considering the safety of informants); United States v. Cree, 2012 WL 6194395,

10

at *5 (D. Minn. Dec. 12, 2012) (concluding that seven days' notice "appropriately balance[d] [defendant's] rights with the protection of the confidential informants") (citations omitted). The interval between disclosure and testimony at trial is relatively limited, and the Government will not be unduly burdened to extend protection to the disclosed witnesses if, in its discretion, it deems it necessary.

If the Government has particular concerns about the safety of the cooperating witnesses, or is aware that the Defendants may encounter difficulty in locating them, then it should make them available to Defendants to interview in lieu of providing their addresses. United States v. Padilla, 869 F.2d 372, 376-77 (8th Cir. 1989). Given the relevance and the importance of the cooperating witnesses' testimony to the trial, the Government must ask the cooperating witnesses whether they will voluntarily agree to being interviewed by defense counsel, even remotely by Zoom video teleconference or telephone, and for a limited period of time. If a cooperating witness will submit to an interview, he or she shall be made available for an interview under conditions agreeable by all parties, including the witness. If the Government determines that any cooperating witness objects to being interviewed by defense counsel before trial, it is not required to make that witness available and such an interview will not be ordered as witnesses have the right to decline to be interviewed. United States v. Bittner, 728 F.2d 1038, 1041-42 (8th Cir. 1984).

The Government shall also produce Brady and Giglio material and information fourteen days prior to trial. As stated above, the Government's counsel states that it has no defense-favorable information regarding the cooperating witnesses. If that remains the Government's position but it ultimately does not call a cooperator as a witness, it shall disclose the person's identity and location for service of a defense subpoena seven days prior to trial.

11

## C. Defendant Fisher's Discovery Requests Nos. 4 and 5

Defendant Fisher objects to the Order's denial as moot of his request number 4 for written reports, warrants, warrant affidavits, or other documents regarding the search of his home on the basis that the Government agreed to provide the information. Fisher asserts that his home was searched at least three times but the Government has only provided the requested information as to one search. (ECF No. 422 at 11.) The Government did not respond to this objection. The Government is ordered to provide the requested information within ten (10) days of the date of this Order.

Defendant Fisher also objects that the Order did not address his request number 5, for all discovery provided to other codefendants in the case. Fisher's Motion described the Government's production of certain numbered batches of material, and stated in pertinent part:

> Counsel has not been provided Batch 3, 6, or 7. In an email to all counsel, the AUSA indicated that Batch 3 pertained to the Moline Acres shooting and only was provided to defendants Lee, Warlick, Rayford, Streeter and that Batch 6 provided to the Davis murder and was only provided to Defendant's Lee, Bost, Johnson. As to Batch 7, counsel only was told that it did not pertain to Mr. Fisher.

(ECF No. 329 at 4.)

The Order did not address this request. The Government did not respond to Fisher's objection but did respond to his original Motion that "defendant Fisher has been provided all discovery to which he is entitled. There is no basis for providing discovery to any defendant to which he/she is not entitled." (ECF No. 338 at 3-4.)

In addition to the constitutional discovery obligations imposed by Brady and Giglio, Rule 16(a)(1)(E), Fed. R. Crim. P., authorizes disclosure of certain documents and objects if they are material to a defendant's case or are intended for use by the government in its case-in-chief. Defendant Fisher's objection does not establish that the discovery provided to codefendants

12

meets these criteria. This objection is overruled without prejudice to Defendant renewing it in an appropriate motion for discovery.

Defendant Fisher's alternative request for an *in camera* review is denied.

D. Defendant Johnson's Request for Lab Report

Defendant Johnson seeks discovery of a lab report on fingerprint analysis as to a motor vehicle relevant to Count IV. Johnson's Objection states that his initial Motion to Compel sought the lab report and a redacted version was produced to him, with the identity of one person whose prints were found on the vehicle blocked out. Johnson argues that to the extent it is determined the vehicle is in fact the subject vehicle involved in the event at issue, the existence of fingerprints belonging to people other than him would be exculpatory. The Government states in its Response (ECF No. 429 at 5 n.1) that it will provide an unredacted copy of the fingerprint analysis to Defendant Johnson. The Government is ordered to provide an unredacted copy of the fingerprint analysis to Defendant Johnson within ten (10) days of the date of this Order, if it has not already done so.

Accordingly,

**IT IS HEREBY ORDERED** that the Objections of Defendants Michael Johnson, Charles Guice, Jerome Fisher, and Delvin Bost to the Memorandum and Order of June 10, 2020 (ECF No. 406), are **SUSTAINED in part** and **OVERRULED in part**, consistent with this Memorandum and Order. (ECF Nos. 426, 410, 422, 435.)

**IT IS FURTHER ORDERED** that the Government shall identify its testifying informants and cooperating codefendants, and produce Brady and Giglio materials and information, fourteen (14) days prior to trial, consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Government shall produce information responsive to Defendant Fisher's request number 4, and an unredacted copy of the fingerprint

analysis to Defendant Johnson, if not already produced, within ten (10) days of the date of this

Memorandum and Order.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of August, 2020.

14